# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| GREGORY YATOOMA, | Case No. 23-cv-13050 |
| Plaintiff, | Hon. |
| v. | Magistrate Judge |
| CHRISTOPHER YATOOMA, MSY CAPITAL PARTNERS, LLC, RICH STOPCZY, and MICHELLE HOUBECK, | **NOTICE OF REMOVAL** |
| Defendants. | |

## NOTICE OF REMOVAL

Defendants Rich Stopczy, Michelle Houbeck, and Christopher Yatooma hereby remove this action from the Sixth Circuit Court for the County of Oakland, State of Michigan, to the United States District Court for the Eastern District of Michigan. In support of removal, defendants Stopczy, Houbeck, and Yatooma state as follows:

### State Court Action

1. On May 10, 2023, plaintiff Gregory Yatooma filed an action in Michigan state court captioned as *Gregory Yatooma v. Christopher Yatooma and MSY Capital Partners, Inc,* State of Michigan, Sixth Circuit Court, Oakland County, Case No. 23-200283-CB ("State Court Action").

2. Plaintiff filed an amended complaint in the State Court Action on November 7, 2023 in which they added defendants Stopczy and Houbeck as parties defendant and, as set forth below, added purported causes of action arising under federal law.

3. Defendants Stopczy and Houbeck acknowledged service of the summons and amended complaint on November 10, 2023. Defendants Yatooma and MSY Capital Partners, LLC were served on November 7, 2023 through the State Court Action's electronic filing system.

4. This action recently became removable to the Court under 28 U.S.C. § 1441(a), which provides that an action brought in state court of which the district courts have original jurisdiction may be removed to the district court and division embracing the place where such action is pending.

## Federal Question Jurisdiction

5. In his amended complaint, plaintiff alleges several claims arising under federal statutes, including violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et. seq.*, violation of the Federal Wiretap Act, 18 U.S.C. § 2510 *et. seq.*, and violation of the Stored Communications Act, 18 U.S.C. § 2701 *et. seq.*

6. The Court now has original jurisdiction over the State Court Action under 28 U.S.C. § 1331.

## Procedural Requirements

7. In accordance with 28 U.S.C. § 1446(b), all joined defendants consent to the removal of this action.

8. In accordance with 28 U.S.C. § 1446(b)(3), this Notice of Removal is timely because defendants filed this Notice of Removal within thirty days of plaintiff filing his amended complaint. Upon filing of the amended complaint, defendants Stopczy, Houbeck, and Yatooma first ascertained that the case is one which has become removable.

9. Furthermore, this Notice of Removal complies with the requirement of 28 U.S.C. § 1446(c)(1) because the State Court Action was commenced less than one year ago.

10. In accordance with 28 U.S.C. § 1446(d), separate copies of this Notice are being sent to Gregory Yatooma and filed with the Oakland County Circuit Court in the State Court Action.

11. The undersigned has read this notice of removal and to the best of the undersigned's knowledge, formed after reasonable inquiry, it is well-grounded in fact, is warranted by existing law and is not interposed for any improper purpose. This notice of removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

12. Along with this notice, defendants Stopczy, Houbeck, and Yatooma attach all pleadings and papers filed in the State Court Action to date.

        Respectfully submitted,

        BODMAN PLC

        By: */s/ J. Adam Behrendt*
            J. Adam Behrendt (P58607)
            Melissa B. Moore (P73018)
            Sinéad G. Redmond (P85718)
        201 W. Big Beaver Road, Suite 500
        Troy, MI  48084
        (248) 743-6000
        Attorneys for Defendant
        jbehrendt@bodmanlaw.com

December 1, 2023        sredmond@bodmanlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2023, I caused the foregoing Notice of Removal and this Certificate of Service to be electronically filed by using the CM/ECF system which will notify all counsel of record and, further, that a copy of the foregoing Notice of Removal was sent to the following counsel of record via U.S. first class mail:

> Ethan R. Holtz (P71884)
> Emily M. Mayer (P78956)
> TAFT STETTINIUS & HOLLISTER LLP
> Attorneys for Plaintiff
> 27777 Franklin Road, Suite 2500
> Southfield, MI 48034
> (248) 351-3000
> eholtz@taftlaw.com
> emayer@taftlaw.com

*/s/ J. Adam Behrendt*

4858-0287-2210_2